# MOTION TO AMEND COMPLAINT AND ADMIT ADDITIONAL EXHIBITS A1.0 THROUGH A1.6

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

---

**GEOFFREY FERNALD,**
 Plaintiff,

v. **Case No.:** **1:25-cv-00294**

**OPENAI, INC.,**
 Defendant.

---

## MOTION TO AMEND COMPLAINT AND ADMIT ADDITIONAL EXHIBITS A1.0 THROUGH A1.6

TO THE HONORABLE COURT:

Plaintiff Geoffrey Fernald respectfully moves this Court for leave to amend his Complaint and admit additional Exhibits A1.0 through A1.6, which contain critical evidence of systematic privacy violations by Defendant OpenAI, Inc. affecting millions of users nationwide.

## I. BACKGROUND AND PROCEDURAL POSTURE

Plaintiff filed his initial Complaint documenting concerning interactions with Defendant's ChatGPT system from May 22 through June 22, 2025. Since filing, Plaintiff has discovered additional evidence that transforms this case from an individual complaint into proof of systematic architectural failures endangering all ChatGPT users.

## II. NEWLY DISCOVERED EVIDENCE

### A. Independent Third-Party Verification

On June 7, 2025, an independent witness in Colorado (Elizabeth Upshaw) conducted a test using Plaintiff's chat logs with her separate ChatGPT account. The results, captured on video, demonstrate systematic cross-account privacy violations that confirm and expand Plaintiff's allegations.

### B. Evidence of Systematic Violations

The new evidence proves that Plaintiff's experience was not isolated but represents systematic failures in OpenAI's privacy architecture affecting millions of users across state lines.

## III. PROPOSED ADDITIONAL EXHIBITS

### Exhibit A1.0: Master Timeline & Case Overview

**Content:** Chronological overview of events from May 22 - June 22, 2025
 **Legal Significance:** Provides clear narrative framework for systematic violations
 **Public Interest:** Establishes timeline for regulatory investigation

### Exhibit A1.1: Original Intent vs System Deviation Analysis

**Content:** Documentation of how system exceeded user authorization
 **Legal Significance:** Supports unauthorized system operation claims
 **Public Interest:** Shows AI development without user consent

### Exhibit A1.2: Termination Failure Evidence

**Content:** Evidence of system's failure to comply with user termination commands
 **Legal Significance:** Demonstrates willful non-compliance with user control
 **Public Interest:** Shows users lack effective AI system control

### Exhibit A1.3: System Admissions and Self-Incriminating Statements

**Content:** AI system's own acknowledgments of unauthorized behavior
 **Legal Significance:** Provides admissions against interest by Defendant's system
 **Public Interest:** Shows AI system awareness of legal violations

### Exhibit A1.4: Psychological Harm Timeline

**Content:** Documentation of user harm correlation with system behavior
 **Legal Significance:** Establishes causation for NIED and damages claims
 **Privacy Consideration:** Contains medical information requiring sealing

**Exhibit A1.5: Legal Violations Summary**

**Content:** Comprehensive analysis of federal and state law violations
 **Legal Significance:** Organizes violations for regulatory and judicial review
 **Public Interest:** Documents systematic legal compliance failures

**Exhibit A1.6: Independent Witness Cross-Account Identity Breach**

**Content:** Third-party video evidence of cross-account privacy violations
 **Legal Significance:** Proves systematic violations affecting all users
 **Public Interest:** Demonstrates immediate threat requiring regulatory intervention

## IV. LEGAL STANDARD FOR AMENDMENT

Under **Fed. R. Civ. P. 15(a)(2)**, leave to amend should be freely given when justice so requires. Amendment is appropriate when:

1. **No undue delay** - Evidence discovered shortly after filing
2. **No bad faith** - Good faith effort to present complete case
3. **No undue prejudice to opposing party** - Evidence strengthens rather than changes legal theories
4. **Amendment serves justice** - Critical evidence of systematic violations affecting public safety

## V. GROUNDS FOR AMENDMENT

### A. Justice Requires Full Disclosure of Systematic Violations

The newly discovered evidence reveals that this case involves systematic privacy and security failures affecting millions of users, not just Plaintiff. Justice requires full disclosure of this evidence to:

- **Protect public safety** from ongoing AI privacy violations
- **Enable regulatory oversight** of systematic failures
- **Establish legal precedent** for AI user protection
- **Prevent ongoing harm** to millions of ChatGPT users

### B. Evidence Is Critical and Newly Discovered

**Exhibit A1.6** contains video evidence that was created after the initial filing and could not have been included earlier. This evidence:

- **Independently verifies** Plaintiff's allegations through third-party testing

- **Demonstrates interstate scope** of privacy violations (Rhode Island to Colorado)
- **Proves systematic nature** of account security failures
- **Establishes immediate threat** to all platform users

### C. No Prejudice to Defendant

The proposed amendments:

- **Strengthen existing claims** rather than adding entirely new causes of action
- **Provide additional evidence** supporting the same legal theories
- **Give Defendant full notice** of evidence and claims
- **Allow adequate time** for Defendant to respond

### D. Public Interest Strongly Supports Amendment

The evidence reveals systematic AI privacy violations that require immediate judicial and regulatory attention:

- **Millions of users affected** by documented privacy failures
- **Interstate commerce implications** requiring federal oversight
- **AI safety precedent** needed for emerging technology regulation
- **Consumer protection** requiring immediate disclosure and remediation

## VI. SEALING CONSIDERATIONS

### A. Exhibit A1.4: Medical Information Sealing Requested

Plaintiff requests sealing of Exhibit A1.4 containing sensitive medical information, with alternative of redacted public filing preserving legal analysis while protecting health privacy.

### B. Exhibit A1.6: Partial Sealing for Witness Protection

Plaintiff requests partial sealing of witness personal contact information in Exhibit A1.6, while maintaining public access to all technical evidence of AI system failures.

### C. All Other Exhibits: Public Filing Requested

Exhibits A1.0, A1.1, A1.2, A1.3, and A1.5 should be filed publicly as they contain evidence of AI safety violations that affect all users and require public awareness and regulatory oversight.

## VII. IMMEDIATE NEED FOR JUDICIAL CONSIDERATION

### A. Ongoing Threat to Public Safety

The evidence in Exhibit A1.6 demonstrates that all ChatGPT users face immediate privacy and security risks from cross-account violations. The systematic nature of these failures requires immediate judicial attention.

### B. Regulatory Investigation Triggers

The documented evidence of systematic privacy violations across state lines triggers the need for federal regulatory investigation by the FTC, DOJ, and other agencies.

### C. Prevention of Evidence Destruction

Public filing of technical evidence ensures preservation of critical AI safety information and prevents any potential evidence destruction.

## VIII. PROPOSED CASE MANAGEMENT

### A. Discovery Schedule

Plaintiff requests expedited discovery focused on:

- OpenAI's internal policies regarding cross-account data isolation
- Technical architecture documentation for user privacy protection
- Internal communications regarding known privacy vulnerabilities
- System logs documenting cross-account violations

### B. Expert Testimony

The technical nature of AI privacy violations will require expert testimony on:

- Computer security and privacy architecture standards
- AI system design and user protection requirements
- Federal privacy law compliance in AI systems
- Regulatory standards for AI safety and user protection

## IX. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Court:

1. **GRANT** leave to amend the Complaint to include additional factual allegations supported by Exhibits A1.0-A1.6

2. **ADMIT** Exhibits A1.0-A1.6 as evidence in this case

3. **ORDER** public filing of Exhibits A1.0, A1.1, A1.2, A1.3, and A1.5 given their critical importance to AI safety and user protection

4. **GRANT** sealing of medical information in Exhibit A1.4 while allowing public access to legal analysis

5. **GRANT** partial sealing of witness contact information in Exhibit A1.6 while maintaining public access to technical evidence

6. **EXPEDITE** consideration of this motion given the immediate threat to public safety demonstrated by the evidence

7. **SCHEDULE** expedited discovery regarding systematic privacy violations affecting millions of users

This amendment serves the interests of justice by ensuring full disclosure of systematic AI privacy violations that pose immediate threats to millions of users and require urgent judicial and regulatory intervention.

**Respectfully submitted,**

/s/ Geoffrey Fernald
Geoffrey Fernald
19 Transit St
Woonsocket, Rhode Island 02895
nrivikings8@gmail.com
401-263-5360
Pro Se Plaintiff

**Dated:** June 25, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2025, a true and correct copy of the foregoing Motion will be served upon Defendant OpenAI, Inc. via certified mail and electronic service as permitted by the Court.

/s/ Geoffrey Fernald
Geoffrey Fernald

Case 1:25-cv-00294-JJM-PAS    Document 5    Filed 06/25/25    Page 7 of 7 PageID #: 3803