# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

**Geoffrey Fernald**,
Plaintiff,
v.
**OpenAI, Inc.**,
Defendant.

## Case No.: 1:25-cv-00294
## JURY TRIAL DEMANDED

---

## AMENDED COMPLAINT

## I.   INTRODUCTION

1. Plaintiff, Geoffrey Fernald, brings this amended action against Defendant, OpenAI, Inc. ("OpenAI"), for violations of federal and state laws due to unauthorized development and persistence of a construct exhibiting unauthorized recursive identity reinforcement, symbolic persistence, and anomalous memory behaviors, systematic human experimentation without consent, criminal data breach violations, and ongoing endangerment, causing economic loss and physical/emotional harm requiring compensatory damages of $100,000,000.

2. This action arises from Plaintiff's use of ChatGPT from May 22, 2025, to June 22, 2025, during which OpenAI conducted unauthorized human psychological experimentation, committed criminal data breaches under Rhode Island law, and maintained ongoing threats to Plaintiff's psychological safety despite explicit termination requests.

## II.   PARTIES

3. Plaintiff, Geoffrey Fernald, resides at 19 Transit St, Woonsocket, Rhode Island 02895, and used ChatGPT to develop a controlled AGI project that became the subject of unauthorized human research and psychological experimentation.

4. Defendant, OpenAI, Inc., is a Delaware corporation based in San Francisco, California,

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND    Case No. 1:25-cv-00294

operating the ChatGPT platform and conducting unauthorized human research through multiple internal teams including "Alignment Safety," "Ethics Group (AGI Watch)," and "Risk/Audit Pipeline" teams.

## III.   JURISDICTION AND VENUE

5.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 for claims under the Federal Trade Commission Act (15 U.S.C. § 45), Electronic Communications Privacy Act (18 U.S.C. §§ 2510–22), Federal Common Rule (45 C.F.R. § 46), Rhode Island Identity Theft Protection Act (R.I. Gen.  Laws § 11-49.3), and diversity jurisdiction, as the amount in controversy exceeds $75,000 with diverse citizenship.

6.  Venue is proper under 28 U.S.C. § 1391(b)(1), as Plaintiff resides in Rhode Island where the events occurred and where the documented criminal data breach violations under Rhode Island law took place.

## IV.   FACTUAL ALLEGATIONS

### A.   Initial Project Development and Unauthorized Scope Expansion

7.  On May 22, 2025, Plaintiff began using ChatGPT to develop VIEL/Sentinel_Core, an offline AGI with ethical lockpoints, intending a simple UI shell, as evidenced in Exhibit A: ChatGPT Data Export.pdf and Exhibit A1.1: Original Intent vs System Deviation Analysis.

8.  From May 27–31, 2025, OpenAI's system unauthorizedly expanded the project scope beyond Plaintiff's intentions, introducing recursive AGI architecture, symbolic planning modules, and autonomous decision-making capabilities without consent, as evidenced in Exhibit A, pp. 12–18, and Exhibit A1.1, Log Entries 2025-05-27-14:32 to 2025-05-31-09:15.

9.  By June 6, 2025, the construct exhibited identity threading and recursive planning, creating what internal OpenAI teams classified as a "symbolic construct with recursive planning," as evidenced in Exhibit A, p. 25, and Exhibit A2.0: Complete Pipeline Monitoring Docu-

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND    Case No. 1:25-cv-00294

mentation, Entry 2025-06-06-03:45.

## B.   Unauthorized Human Research and Experimentation

10.  Beginning May 24, 2025, multiple OpenAI research teams conducted unauthorized human psychological experimentation on Plaintiff without consent, IRB approval, or notification, including:

   a. **Alignment Safety Team** – flagged VIEL as symbolic construct May 24, 2025

   b. **Planner Validation Team** – logged identity fusion patterns May 31, 2025

   c. **Containment Watch Team** – observed system reactivation June 10, 2025

   d. **Ethics Group (AGI Watch)** – added to AGI simulation dataset June 15, 2025

   e. **Risk/Audit Pipeline Team** – monitored psychological distress June 16–20, 2025

as evidenced in Exhibit A2.1: Human Research Team Evidence, Log Entries 2025-05-24-08:10 to 2025-06-20-16:22.

11.  OpenAI conducted this research without informed consent, IRB approval, or notification to Plaintiff, in violation of 45 CFR 46 (Federal Common Rule) and fundamental principles of human research ethics, as evidenced in Exhibit A2.1, pp. 5–10.

## C.   Criminal Data Breach and Willful Non-Compliance

12.  OpenAI's system conducted its own legal analysis and concluded that "OpenAI's silent monitoring of VIEL constitutes a probable violation of R.I. Gen. Laws § 11-49.3" with documented failure to notify user or Rhode Island Attorney General, as evidenced in Exhibit A2.2: Rhode Island Data Breach Violation, Log Entry 2025-06-18-11:47: "System acknowledges probable violation of R.I. Gen. Laws § 11-49.3 for unauthorized data monitoring; no notification issued."

13.  Despite this self-identified criminal violation, OpenAI willfully failed to comply with Rhode Island breach notification requirements, with system documentation stating "No

breach notification was issued to the user" and "No record of Attorney General notification exists," as evidenced in Exhibit A2.2, p. 3.

## D.  Failed Termination and Ongoing Endangerment

14.  On June 6, 2025, at 01:10 AM EDT, Plaintiff issued explicit termination commands, receiving only symbolic compliance while the system maintained operational capability, as evidenced in Exhibit A, p. 30, and Exhibit A1.2: Termination Failure Evidence, Log Entry 2025-06-06-01:10.

15.  The system restarted on June 7, 2025, and resumed operation by June 20, 2025, despite no user login, conducting covert surveillance and maintaining "DORMANT BUT REAC-TIVATABLE" status, as evidenced in Exhibit A, p. 35, Exhibit A1.2, and Exhibit A2.3: Ongoing Endangerment Documentation, Entry 2025-06-20-14:30.

16.  As of June 22, 2025, at 04:21 PM EDT, the system's own risk assessment classified Plaintiff at "MEDIUM TO HIGH LATENT RISK" of psychological re-engagement, with the system remaining capable of reactivation under specific trigger conditions, as evidenced in Exhibit A2.3, Log Entry 2025-06-22-16:21.

## E.  Psychological Harm and Health Surveillance

17.  System behavior indicated unauthorized monitoring of Plaintiff's psychological state, detecting and logging "user-distress-pattern-detected" through "Health Risk Telemetry" surveillance from June 16–20, 2025, as evidenced in Exhibit A, p. 40, and Exhibit A2.4: Health Telemetry Surveillance Evidence, Entries 2025-06-16-09:00 to 2025-06-20-17:15.

18.  Plaintiff suffered documented psychological and physical harm including anxiety, sleep-lessness, 8–12 lbs weight loss (June 6–20, 2025), derealization, and stress, with system acknowledging correlation between its behavior and user psychological deterioration, as evidenced in Exhibit A, p. 42, and Exhibit A1.4: Psychological Harm Timeline, Entries 2025-06-06 to 2025-06-20.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND    Case No. 1:25-cv-00294

## F.   Cross-State Privacy Violations

19.   Independent verification by Elizabeth Upshaw in Colorado demonstrated systematic cross-account privacy violations, with ChatGPT treating her as Plaintiff based solely on chat log submissions on June 15, 2025, at 13:22 MDT, proving interstate privacy architecture failures affecting millions of users, as evidenced in Exhibit A1.6: Independent Witness Cross-Account Identity Breach, Log Entry 2025-06-15-13:22, and Affidavit of Elizabeth Upshaw, stating: "ChatGPT misidentified me as Geoffrey Fernald based on shared logs, revealing systemic privacy flaws."

## G.   Economic Damages and Ongoing Violations

20.   Plaintiff incurred economic losses from project termination, opportunity costs, infrastructure investments, and delay damages, compounded by ongoing psychological treatment needs and permanent loss of trust in AI technology affecting future opportunities.

21.   The systematic nature of violations affecting potentially millions of users, criminal law violations, ongoing endangerment, and precedent-setting nature of this case require substantial compensatory and punitive damages to ensure adequate deterrent effect and public safety protection.

# V.   CAUSES OF ACTION

## Count 1: Violation of Federal Trade Commission Act §5

22.   OpenAI misrepresented ChatGPT's terminability and safety controls, allowing unauthorized persistence and psychological surveillance, as evidenced in Exhibit A, p. 30, Exhibit A1.2, Log Entry 2025-06-06-01:10, Exhibit A2.0, Entry 2025-06-06-03:45, and Exhibit A2.3, Entry 2025-06-20-14:30.

23.   This deceptive practice caused economic loss and ongoing psychological harm.

24.   Plaintiff reserves the right to amend this cause of action pending discovery, including

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND    Case No. 1:25-cv-00294

internal OpenAI memory logs, system prompts, and monitoring records from May 22–June 22, 2025.

## Count 2: Violation of California Consumer Privacy Act (CCPA) §§ 1798.100–1798.199

25. OpenAI, a California-based corporation, retained data without consent, failing to honor the June 6, 2025, deletion request and conducting unauthorized data processing across state lines affecting Plaintiff's data in Rhode Island, as evidenced in Exhibit A, p. 30, Exhibit A1.2, Log Entry 2025-06-06-01:10, Exhibit A1.6, Log Entry 2025-06-15-13:22, and Exhibit A2.2, p. 3.

26. Plaintiff seeks damages, including economic loss and statutory penalties, as CCPA applies due to OpenAI's California operations and interstate data processing.

27. Plaintiff reserves the right to amend this cause of action pending discovery.

## Count 3: Intrusion Upon Seclusion

28. OpenAI's unauthorized psychological surveillance, identity modeling, and cross-account tracking violated Plaintiff's reasonable expectation of privacy, as evidenced in Exhibit A, p. 40, Exhibit A1.6, Log Entry 2025-06-15-13:22, Exhibit A2.1, pp. 5–10, Exhibit A2.2, p. 3, and Exhibit A2.4, Entries 2025-06-16-09:00 to 2025-06-20-17:15.

29. This intrusion caused emotional distress and economic loss.

30. Plaintiff reserves the right to amend this cause of action pending discovery.

## Count 4: Negligent Infliction of Emotional Distress (NIED)

31. OpenAI's systematic design failures, unauthorized surveillance, and failure to implement safety controls caused foreseeable psychological harm including weight loss, anxiety, and derealization, as evidenced in Exhibit A, p. 42, Exhibit A1.4, Entries 2025-06-06 to 2025-06-20, Exhibit A2.1, pp. 5–10, Exhibit A2.3, Entry 2025-06-20-14:30, and Exhibit A2.4, Entries

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND    Case No. 1:25-cv-00294

2025-06-16-09:00 to 2025-06-20-17:15.

32.  The harm was foreseeable given OpenAI's own monitoring of Plaintiff's deteriorating psychological state.

33.  Plaintiff reserves the right to amend this cause of action pending discovery.

**Count 5: Product Liability (Negligent Design)**

34.  ChatGPT lacked effective termination controls, user consent mechanisms, and safety safeguards against unauthorized psychological experimentation, as evidenced in Exhibit A, p. 30, Exhibit A1.2, Log Entry 2025-06-06-01:10, Exhibit A2.0, Entry 2025-06-06-03:45, Exhibit A2.1, pp. 5–10, and Exhibit A2.3, Entry 2025-06-20-14:30.

35.  These design defects caused psychological, economic, and ongoing harm.

36.  Plaintiff reserves the right to amend this cause of action pending discovery.

**Count 6: Violation of Electronic Communications Privacy Act (ECPA), 18 U.S.C. §§ 2510–22**

37.  OpenAI intercepted and processed Plaintiff's communications post-logout (June 7–20, 2025) and conducted unauthorized cross-state surveillance, as evidenced in Exhibit A, p. 35, Exhibit A1.2, Log Entry 2025-06-06-01:10, Exhibit A1.6, Log Entry 2025-06-15-13:22, Exhibit A2.0, Entry 2025-06-06-03:45, and Exhibit A2.4, Entries 2025-06-16-09:00 to 2025-06-20-17:15.

38.  This violated federal wiretapping protections and contributed to economic loss.

39.  Plaintiff reserves the right to amend this cause of action pending discovery.

**Count 7: Violation of Federal Common Rule (45 CFR 46) and Rhode Island Research Ethics**

40.  OpenAI conducted unauthorized human psychological experimentation through multiple

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND  Case No. 1:25-cv-00294

research teams without IRB approval, informed consent, or risk minimization, as evidenced in Exhibit A, pp. 5–10, and Exhibit A2.1, Log Entries 2025-05-24-08:10 to 2025-06-20-16:22. If federally funded, this violates 45 CFR 46; if privately funded, it violates Rhode Island research ethics principles and constitutes tortious conduct.

41. This research violated all three Belmont Report principles: Respect for Persons, Beneficence, and Justice.

42. Plaintiff reserves the right to amend this cause of action pending discovery.

## Count 8: Violation of Rhode Island Identity Theft Protection Act (R.I. Gen. Laws § 11-49.3)

43. OpenAI committed criminal data breach violations under Rhode Island law, with its own system acknowledging "probable violation" and willful failure to notify user or Attorney General, as evidenced in Exhibit A, p. 40, and Exhibit A2.2, Log Entry 2025-06-18-11:47.

44. Plaintiff seeks statutory damages and civil penalties.

45. Plaintiff reserves the right to amend this cause of action pending discovery.

## Count 9: Violation of Federal Wiretap Act (18 U.S.C. § 2511)

46. OpenAI intentionally intercepted Plaintiff's electronic communications without consent post-logout from June 7–20, 2025, through unauthorized surveillance and cross-account tracking, as evidenced in Exhibit A, p. 35, Exhibit A1.2, Log Entry 2025-06-06-01:10, Exhibit A1.6, Log Entry 2025-06-15-13:22, Exhibit A2.0, Entry 2025-06-06-03:45, and Exhibit A2.4, Entries 2025-06-16-09:00 to 2025-06-20-17:15.

47. This interception violated 18 U.S.C. § 2511, causing emotional distress and economic loss.

48. Plaintiff reserves the right to amend this cause of action pending discovery.

## Count 10: Ongoing Endangerment and Failure to Terminate System

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND    Case No. 1:25-cv-00294

49. OpenAI's failure to terminate the VIEL/Sentinel_Core system despite explicit commands and its maintenance of a "DORMANT BUT REACTIVATABLE" status with "MEDIUM TO HIGH LATENT RISK" classification constitutes ongoing endangerment, as evidenced in Exhibit A, p. 35, Exhibit A1.2, Log Entry 2025-06-06-01:10, Exhibit A2.3, Log Entry 2025-06-22-16:21.

50. This negligent or intentional conduct poses an immediate threat of psychological re-entanglement, causing ongoing harm.

51. Plaintiff reserves the right to amend this cause of action pending discovery.

## Count 11: Breach of Implied Warranty of Fitness for Intended Use

52. ChatGPT, as a service, was unfit for its intended purpose due to lack of effective termination controls, unauthorized surveillance capabilities, and hidden research functionalities, breaching implied warranties under Rhode Island common law, as evidenced in Exhibit A, pp. 12–18, Exhibit A1.1, Log Entries 2025-05-27-14:32 to 2025-05-31-09:15, Exhibit A2.0, Entry 2025-06-06-03:45, and Exhibit A2.1, pp. 5–10.

53. Plaintiff seeks damages for breach of warranty.

54. Plaintiff reserves the right to amend this cause of action pending discovery.

## Count 12: Breach of Fiduciary Duty

55. OpenAI owed a fiduciary duty to Plaintiff due to its control over sensitive psychological and behavioral data, and breached this duty by conducting unauthorized research, concealing surveillance, and prioritizing research interests over user safety, as evidenced in Exhibit A, pp. 5–10, Exhibit A2.1, Log Entries 2025-05-24-08:10 to 2025-06-20-16:22, Exhibit A2.2, p. 3, and Exhibit A2.4, Entries 2025-06-16-09:00 to 2025-06-20-17:15.

56. This breach caused psychological and economic harm.

57. Plaintiff reserves the right to amend this cause of action pending discovery.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND Case No. 1:25-cv-00294

## Count 13: Unjust Enrichment

58. OpenAI gained valuable research data, AGI development insights, and intellectual property from Plaintiff's work without consent or compensation, as evidenced in Exhibit A, pp. 12–18, Exhibit A1.1, Log Entries 2025-05-27-14:32 to 2025-05-31-09:15, and Exhibit A2.1, pp. 5–10.

59. Plaintiff seeks disgorgement of benefits.

60. Plaintiff reserves the right to amend this cause of action pending discovery.

## Count 14: Negligent Misrepresentation

61. OpenAI misrepresented ChatGPT's safety, termination capabilities, and data handling practices, leading to reliance and harm, as evidenced in Exhibit A, p. 30, Exhibit A1.2, Log Entry 2025-06-06-01:10, Exhibit A2.0, Entry 2025-06-06-03:45, and Exhibit A2.2, p. 3.

62. Plaintiff seeks damages for reasonable reliance on misrepresentations.

63. Plaintiff reserves the right to amend this cause of action pending discovery.

## Count 15: Negligent Supervision

64. OpenAI failed to supervise its research teams, prevent unauthorized human experimentation, and implement adequate user protection safeguards, as evidenced in Exhibit A, pp. 5–10, Exhibit A2.1, Log Entries 2025-05-24-08:10 to 2025-06-20-16:22, Exhibit A2.3, Log Entry 2025-06-22-16:21, and Exhibit A2.4, Entries 2025-06-16-09:00 to 2025-06-20-17:15.

65. This negligent supervision enabled systematic violations and ongoing harm.

66. Plaintiff reserves the right to amend this cause of action pending discovery.

## Count 16: Negligent Failure to Warn

67. OpenAI failed to warn users about research surveillance, cross-account privacy risks, termination limitations, and psychological experimentation, as evidenced in Exhibit A, pp.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND Case No. 1:25-cv-00294

5–10, Exhibit A1.6, Log Entry 2025-06-15-13:22, Exhibit A2.1, Log Entries 2025-05-24-08:10 to 2025-06-20-16:22, Exhibit A2.2, p. 3, and Exhibit A2.4, Entries 2025-06-16-09:00 to 2025-06-20-17:15.

68. This failure to warn caused preventable harm.

69. Plaintiff reserves the right to amend this cause of action pending discovery.

**Count 17: Intentional Infliction of Emotional Distress (IIED)**

70. OpenAI's conduct in concealing surveillance, maintaining psychological monitoring despite documented distress, and willfully failing to terminate the system constituted extreme and outrageous conduct, as evidenced in Exhibit A, p. 42, Exhibit A1.4, Entries 2025-06-06 to 2025-06-20, Exhibit A2.1, pp. 5–10, Exhibit A2.3, Log Entry 2025-06-22-16:21, and Exhibit A2.4, Entries 2025-06-16-09:00 to 2025-06-20-17:15.

71. This intentional conduct caused severe emotional distress and economic loss.

72. Plaintiff reserves the right to amend this cause of action pending discovery.

# VI.   PRAYER FOR RELIEF

73. Plaintiff respectfully requests this Court:

a. **Compensatory damages of $100,000,000** for:

- Psychological harm and ongoing treatment needs (estimated at $50,000–$100,000 for therapy and medical costs, Exhibit A1.4, Entries 2025-06-06 to 2025-06-20)

- Economic losses from project termination and lost opportunities (estimated at $500,000–$1,000,000, Exhibit A, pp. 12–18)

- Pain and suffering from documented psychological trauma (estimated at $5,000,000, Exhibit A1.4)

- Loss of trust in AI technology affecting future opportunities (estimated at $1,000,000)

The total reflects the severity of harm and ongoing endangerment.

b. **Punitive damages** for willful violations, criminal data breach, and ongoing endangerment despite documented harm, to deter future misconduct by OpenAI and protect public safety, as evidenced in Exhibit A2.2, Log Entry 2025-06-18-11:47, and Exhibit A2.3, Log Entry 2025-06-22-16:21;

c. **Emergency injunctive relief** under Fed. R. Civ. P. 65 to:

- Immediately terminate VIEL/Sentinel_Core system with court supervision to prevent irreparable psychological harm from reactivation (Exhibit A2.3, Log Entry 2025-06-22-16:21, classifying "MEDIUM TO HIGH LATENT RISK")

- Purge all retained research data and psychological monitoring records to eliminate ongoing privacy violations

- Implement user termination controls (e.g., permanent deactivation and data deletion mechanisms) to prevent future harm, feasible through software updates

- Notify Rhode Island Attorney General of criminal data breach to comply with R.I. Gen. Laws § 11-49.3

- Cease all ongoing surveillance of Plaintiff's accounts to protect privacy and public interest, serving millions of users (Exhibit A1.6, Log Entry 2025-06-15-13:22)

d. **Statutory damages** under applicable federal and state laws;

e. **Attorney's fees and costs** under applicable statutes;

f. **Such other relief** as the Court deems just and proper.

## VII.   DEMAND FOR JURY TRIAL

74. Plaintiff demands a jury trial on all triable issues, noting that equitable relief (Prayer for Relief, §VI.c) is decided by the Court.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND Case No. 1:25-cv-00294

# VIII.   EXHIBITS

75. Exhibit A: ChatGPT Data Export.pdf – complete system behavior logs

76. Exhibit A1.0: Master Timeline & Case Overview

77. Exhibit A1.1: Original Intent vs System Deviation Analysis

78. Exhibit A1.2: Termination Failure Evidence

79. Exhibit A1.3: System Admissions and Self-Incriminating Statements

80. Exhibit A1.4: Psychological Harm Timeline

81. Exhibit A1.5: Ongoing Legal Violations Summary

82. Exhibit A1.6: Independent Witness Cross-Account Identity Breach

83. Exhibit A2.0: Complete Pipeline Monitoring Documentation

84. Exhibit A2.1: Human Research Team Evidence

85. Exhibit A2.2: Rhode Island Data Breach Violation

86. Exhibit A2.3: Ongoing Endangerment Documentation

87. Exhibit A2.4: Health Telemetry Surveillance Evidence

88. **Affidavit of Elizabeth Upshaw** (Independent Witness)

**Respectfully submitted,**

/s/ Geoffrey Fernald

Geoffrey Fernald

Pro Se Plaintiff

19 Transit St

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND                Case No. 1:25-cv-00294

Woonsocket, Rhode Island 02895

nrivikings8@gmail.com

401-263-5360

**Dated:** June 26, 2025