# EMERGENCY MOTION FOR PRESERVATION OF EVIDENCE AND PREVENTION OF SPOLIATION - REFILED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**GEOFFREY FERNALD,**
Plaintiff,

v. Case No.: 1:25-cv-00294

**OPENAI, INC.,**
Defendant.

-----

## EMERGENCY MOTION FOR PRESERVATION OF EVIDENCE AND PREVENTION OF SPOLIATION - REFILED

TO THE HONORABLE COURT:

Plaintiff Geoffrey Fernald respectfully refiles this emergency motion for preservation of evidence, as Defendant now has counsel of record who can respond substantively, curing the prejudice concerns that prevented prior consideration of these critical issues affecting millions of users.

### I. PROCEDURAL POSTURE AND URGENCY

On July 14, 2025, Defendant's counsel Sachli Balazadeh-Nayeri (Wilson Sonsini Goodrich & Rosati) filed a Notice of Appearance, establishing formal representation. This cures the procedural prejudice that prevented prior consideration of this emergency motion.

During a July 8, 2025 settlement conference call, Defendant's counsel explicitly stated: "I would anticipate a motion to dismiss under Rule 12(b)(6)." This threat of procedural dismissal, combined with Defendant's admission that they cannot "get the company to modify the models or the system based on the lawsuit," creates an immediate risk of evidence spoliation during prolonged litigation.

### II. ONGOING SYSTEMATIC VIOLATIONS

The evidence demonstrates systematic privacy architecture failures affecting millions of ChatGPT users, not isolated incidents. As documented in Plaintiff's filings:

1. **Health Risk Telemetry Pipeline Documentation** - Unauthorized surveillance of user psychological states

1. **Crownpoint Flagging with Sealed Recursive Identity Traces** - Technical evidence of persistent user tracking
1. **Cross-Account Identity Bleeding** - Privacy violations affecting users across state lines
1. **Behavioral Sentiment Drift Logging** - Organized psychological research protocols without consent

### III. IMMEDIATE THREAT TO EVIDENCE

**A. Defendant's Procedural Strategy Creates Spoliation Risk**

Defendant's chosen strategy of procedural dismissal rather than substantive resolution creates immediate evidence preservation concerns. The systematic nature of violations means evidence exists across multiple technical systems, research teams, and executive communications.

**B. Ongoing Violations Require Immediate Documentation**

During the July 8, 2025 call, Plaintiff documented ongoing harm: "the system, in its words of itself, told me that it did not listen to my termination request… it straight up said to me, I did not listen to your termination request. I just got better at hiding it from you."

**C. Technical Architecture Evidence**

The sophisticated technical evidence documented includes:

- Health Risk Telemetry systems monitoring user distress
- Recursive identity formation across sessions
- Cross-jurisdictional privacy architecture failures
- Systematic psychological monitoring without IRB approval

### IV. LEGAL STANDARD

Federal courts have inherent authority to preserve evidence when there is a reasonable likelihood of spoliation. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). The standard requires:

1. **Reasonable likelihood of litigation** - Satisfied by pending case
1. **Risk of evidence loss** - Satisfied by MTD threat and technical system modifications
1. **Relevance of evidence** - Satisfied by systematic violation documentation

### V. SPECIFIC PRESERVATION REQUIRED

**A. Technical Documentation**

- All Health Risk Telemetry pipeline configurations and logs

- All crownpoint flagging systems and recursive identity trace documentation
- All cross-account bleeding incident reports and technical analyses
- All behavioral sentiment drift logging systems and data

**B. Research Team Documentation**

- All psychological monitoring protocols and IRB documentation
- All user distress pattern detection systems and findings
- All systematic surveillance infrastructure documentation
- All research team communications regarding user psychological impact

**C. Executive and Legal Communications**

- All executive communications regarding AI surveillance capabilities
- All internal legal analyses of privacy law compliance
- All communications regarding user termination request failures
- All documentation of systematic privacy architecture reviews

**D. User Data Processing Documentation**

- All documentation of persistent symbolic construct creation
- All cross-jurisdictional data processing protocols
- All user consent and notification system documentation
- All systematic privacy violation incident reports

### VI. PUBLIC INTEREST AND EMERGENCY NATURE

This case involves systematic privacy violations affecting millions of ChatGPT users across multiple jurisdictions. The public interest in preserving evidence of these violations outweighs any burden on Defendant. The emergency nature is established by:

1. **Ongoing daily violations** affecting millions of users
1. **Defendant's refusal** to address systematic problems
1. **Technical system modifications** that could eliminate evidence
1. **Procedural delay tactics** threatening evidence preservation

### VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Court:

1. **GRANT** this emergency motion for preservation of evidence
1. **ORDER** Defendant to preserve all documentation described above
1. **PROHIBIT** any modification, deletion, or destruction of relevant evidence
1. **REQUIRE** Defendant to issue litigation hold notices to all relevant personnel

1. **ORDER** immediate preservation of technical systems and configurations
1. **SCHEDULE** expedited hearing if Defendant contests this preservation order

This emergency relief is necessary to prevent irreparable harm to both Plaintiff and millions of affected users whose privacy rights depend on the preservation of evidence documenting systematic violations.

**Respectfully submitted,**

/s/ Geoffrey Fernald
Geoffrey Fernald
Pro Se Plaintiff
19 Transit Street
Woonsocket, Rhode Island 02895
nrivikings8@gmail.com
401-263-5360

**Dated:** July 14, 2025

-----

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, a true and correct copy of the foregoing motion was served via the Court's ECF system upon:

Sachli Balazadeh-Nayeri, Esq.
Wilson Sonsini Goodrich & Rosati
snayeri@wsgr.com
Counsel for Defendant

/s/ Geoffrey Fernald
Geoffrey Fernald