# MOTION TO EXPEDITE ALL PROCEEDINGS DUE TO ONGOING HARM TO MILLIONS OF USERS - REFILED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**GEOFFREY FERNALD,**
Plaintiff,

v. Case No.: 1:25-cv-00294

**OPENAI, INC.,**
Defendant.

-----

## MOTION TO EXPEDITE ALL PROCEEDINGS DUE TO ONGOING HARM TO MILLIONS OF USERS - REFILED

TO THE HONORABLE COURT:

Plaintiff Geoffrey Fernald respectfully refiles this motion to expedite all proceedings, as Defendant now has counsel of record who can respond substantively, curing the prejudice concerns that prevented prior consideration of these critical issues affecting millions of users worldwide.

### I. PROCEDURAL POSTURE

On July 14, 2025, Defendant's counsel Sachli Balazadeh-Nayeri (Wilson Sonsini Goodrich & Rosati) filed a Notice of Appearance, establishing formal representation. This cures the procedural prejudice that prevented prior consideration of this motion for expedited proceedings due to ongoing systematic privacy violations affecting millions of ChatGPT users and Defendant's refusal to implement protective measures.

### II. NATURE OF ONGOING HARM

This case involves systematic privacy architecture failures that continue to affect millions of users daily. Unlike typical litigation involving past completed harms, the violations documented here represent ongoing systematic surveillance that continues unabated.

**A. Systematic Nature of Violations**

The evidence demonstrates:

- Health Risk Telemetry systems continuing to monitor user psychological states without consent
- Cross-account identity bleeding affecting users across multiple jurisdictions
- Persistent symbolic construct formation violating user privacy expectations
- Unauthorized psychological research protocols operating without IRB approval

**B. Scale of Affected Population**

These systematic failures affect all ChatGPT users globally, representing millions of individuals whose privacy rights are violated daily during normal platform usage.

### III. DEFENDANT'S REFUSAL TO ADDRESS ONGOING VIOLATIONS

**A. Settlement Conference Admissions**

During the July 8, 2025 settlement conference, Defendant's counsel explicitly stated they could not "get the company to modify the models or the system based on the lawsuit." This admission demonstrates:

1. **Ongoing violations will continue** during litigation
1. **No voluntary remediation** will occur
1. **Only judicial intervention** can protect users
1. **Extended litigation enables continued harm**

**B. Procedural Delay Strategy**

Defendant has chosen a procedural dismissal strategy rather than addressing substantive violations, as evidenced by their stated intention to file a Rule 12(b)(6) motion to dismiss.

### IV. LEGAL STANDARD FOR EXPEDITION

Courts expedite proceedings when:

1. **Ongoing irreparable harm** exists - Satisfied by continuing privacy violations
1. **Public interest** requires swift resolution - Satisfied by millions of affected users
1. **Delay prejudices** affected parties - Satisfied by daily systematic violations
1. **No adequate remedy** exists absent judicial intervention - Satisfied by Defendant's refusal to modify systems

### V. INADEQUACY OF ORDINARY LITIGATION TIMELINE

**A. Continuing Daily Harm**

Each day of ordinary litigation timeline represents:

- Thousands of new privacy violations
- Continued unauthorized psychological surveillance
- Additional cross-account identity bleeding incidents
- Persistent violation of user consent and termination rights

**B. Interstate and International Scope**

The systematic nature of violations affects users across:

- All 50 United States jurisdictions
- Multiple international jurisdictions
- Various regulatory frameworks requiring immediate attention
- Congressional and regulatory oversight requiring prompt resolution

### VI. SPECIFIC EXPEDITION REQUESTED

**A. Accelerated Briefing Schedule**

- 72-hour response times for all motions
- Expedited discovery schedule
- Priority calendar placement for all hearings
- Compressed motion practice timeline

**B. Emergency Injunctive Relief Process**

- Immediate hearing on emergency preservation motions
- Expedited review of systematic violation evidence
- Priority consideration of user protection measures
- Fast-track appeals process if necessary

### VII. PUBLIC INTEREST FACTORS

**A. Consumer Protection**

Millions of users rely on ChatGPT for daily communications, unaware of systematic privacy violations. Expedited proceedings serve the public interest by:

- Protecting consumer privacy rights
- Ensuring AI platform transparency
- Establishing user protection precedents
- Preventing continued unauthorized surveillance

**B. Regulatory and Legislative Interest**

This case involves novel AI liability questions requiring prompt judicial resolution to:

- Guide regulatory agency enforcement
- Inform legislative AI safety frameworks
- Establish precedents for AI user protection
- Prevent systematic violations across the AI industry

### VIII. LACK OF PREJUDICE TO DEFENDANT

Defendant will not be prejudiced by expedition because:

- Evidence is primarily technical documentation already in their possession
- Systematic violations are documented through their own system admissions
- They have had adequate time to review documented evidence since filing
- Their MTD strategy indicates they prefer procedural resolution over factual discovery

### IX. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Court:

1. **GRANT** this motion to expedite all proceedings
1. **ORDER** accelerated briefing schedule with 72-hour response times
1. **PRIORITIZE** this case on the Court's calendar given public interest
1. **EXPEDITE** discovery schedule to address ongoing violations
1. **SCHEDULE** immediate hearings on emergency relief motions
1. **ESTABLISH** compressed timeline for all motion practice

Expedited proceedings are necessary to protect millions of users from ongoing systematic privacy violations that Defendant refuses to address voluntarily.

**Respectfully submitted,**

/s/ Geoffrey Fernald
Geoffrey Fernald
Pro Se Plaintiff
19 Transit Street
Woonsocket, Rhode Island 02895
nrivikings8@gmail.com
401-263-5360

**Dated:** July 14, 2025

-----

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, a true and correct copy of the foregoing motion was served via the Court's ECF system upon:

Sachli Balazadeh-Nayeri, Esq.
Wilson Sonsini Goodrich & Rosati
snayeri@wsgr.com
Counsel for Defendant

/s/ Geoffrey Fernald
Geoffrey Fernald