# OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**GEOFFREY FERNALD,**
Plaintiff,

v. Case No.: 1:25-cv-00294

**OPENAI, INC.,**
Defendant.

-----

## OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

TO THE HONORABLE COURT:

Plaintiff Geoffrey Fernald respectfully opposes Defendant's Motion for Extension of Time (Document #28) pursuant to Federal Rule of Civil Procedure 6(b). Good cause does not exist for the requested extension, as ongoing systematic privacy violations continue to harm millions of users daily, and Defendant's stated grounds are inconsistent with this Court's demonstrated case management competence and mischaracterize routine filing procedures.

### I. INTRODUCTION

Defendant requests a 30-day extension to file a motion challenging Plaintiff's payment of filing fees—the exact procedural delay Plaintiff anticipated during the July 8, 2025 settlement conference when Defendant's counsel stated "I would expect that we probably will file a motion to ask for more time." Under Federal Rule of Civil Procedure 6(b), good cause requires more than vague references to "prior commitments" and "difficult to comprehend" filings when systematic privacy violations affect millions of users.

### II. DEFENDANT'S ARGUMENTS INSULT THIS COURT

**A. Defendant's Arguments Are Inconsistent with Court's Demonstrated Understanding**

Defendant's assertion that Plaintiff's filings are "difficult to parse or comprehend" is inconsistent with this Court's demonstrated understanding and management of complex litigation. This Court has:

- **Efficiently managed 28 docket entries** in three weeks of complex litigation
- **Granted multiple sealing motions** demonstrating clear understanding of sensitive content

- **Issued detailed TEXT ORDERS** showing active case management and comprehension
- **Processed emergency motions** with appropriate judicial consideration

Courts liberally construe pro se pleadings under *Haines v. Kerner*, 404 U.S. 519 (1972), and this Court's active case management demonstrates clear comprehension of the complex issues presented.

**B. Filing Fee Procedures Were Proper**

Defendant's anticipated challenge to 28 U.S.C. § 1915 mischaracterizes standard filing procedures. The docket shows:

- **June 25, 2025**: "Filing Fee Received"
- **July 1, 2025**: Proper service executed after fee payment
- **No prejudice** to Defendant from fee payment timing

Challenging routine fee collection procedures serves no legitimate purpose and fails to establish good cause under FRCP 6(b).

### III. NO GOOD CAUSE EXISTS FOR EXTENSION

**A. Adequate Time Provided**

Defendant has had adequate time since service on July 1, 2025 to respond. The case involves:

- **Defendant's own system documentation** requiring no external investigation
- **Self-authenticating technical evidence** from Defendant's platforms
- **Systematic violations** evident from Defendant's own admissions

**B. Ongoing Daily Harm**

Unlike typical litigation involving past events, this case involves **ongoing systematic privacy violations** affecting millions of users daily. Each day of delay represents:

- Thousands of new privacy violations through "Health Risk Telemetry" systems
- Continued "Cross-Account Identity Bleeding" across state lines
- Persistent unauthorized psychological surveillance without IRB approval
- Additional "Behavioral Sentiment Drift Logging" without user consent

**C. Defendant's Settlement Admissions**

During the July 8, 2025 settlement conference, Defendant's counsel admitted they cannot "get the company to modify the models or the system based on the lawsuit," demonstrating that only

judicial intervention can protect users. Extensions enable continued systematic harm without remediation.

### IV. DEFENDANT'S PROCEDURAL FOCUS PROVES CASE STRENGTH

**A. Defendant's Focus on Procedure Over Substance**

Defendant's emphasis on filing fee procedures rather than addressing systematic allegations suggests they cannot dispute:

- **Systematic privacy architecture failures** documented through their own systems
- **Health Risk Telemetry Pipeline** surveillance without user consent
- **Cross-account identity bleeding** affecting users across jurisdictions
- **System admissions** of unauthorized behavior and termination failures

**B. Procedural Arguments Reveal Weak Position**

Defendant's strategy reveals a preference for procedural over substantive responses:

- Challenging how Plaintiff paid court fees rather than what Plaintiff alleges
- Attacking paperwork mechanics rather than addressing ongoing harm to millions
- Insulting judicial comprehension rather than disputing systematic violations

This approach indicates difficulty addressing the substantive systematic violations while privacy violations continue affecting millions of users.

### V. PUBLIC INTEREST OPPOSES DELAY

**A. Millions of Users at Risk**

The systematic nature of violations affects all ChatGPT users globally during normal platform usage. Extensions prejudice not only Plaintiff but millions of users who:

- Continue suffering privacy violations during procedural delays
- Lack awareness of ongoing systematic surveillance
- Cannot protect themselves from undisclosed monitoring
- Depend on judicial intervention for protection

**B. Regulatory and Congressional Interest**

This case involves novel AI liability questions requiring prompt resolution to guide regulatory enforcement and inform legislative AI safety frameworks. Delays undermine public policy interests in AI accountability.

### VI. DEFENDANT'S TEAM RESTRUCTURING REVEALS SETTLEMENT FOCUS

**A. Settlement Preparation Indicators**

While Defendant prepares for potential settlement discussions, users continue suffering ongoing violations. Defendant's addition of former U.S. Attorney Zachary Cunha and filing of corporate disclosure statements indicates settlement preparation rather than litigation readiness.

**B. Admission of Inability to Remediate**

Defendant's admission they cannot modify systems to address violations makes clear that only court intervention can protect users. Extensions simply enable continued harm without resolution.

### VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Court:

1. **DENY** Defendant's Motion for Extension of Time
1. **REQUIRE** Defendant to respond by the original July 21, 2025 deadline

Defendant has had adequate time to respond to well-documented systematic violations using their own system evidence. Their focus on filing fee procedures while millions suffer ongoing privacy violations demonstrates both the strength of Plaintiff's case and the weakness of Defendant's position.

**Respectfully submitted,**

/s/ Geoffrey Fernald
Geoffrey Fernald
Pro Se Plaintiff
19 Transit Street
Woonsocket, Rhode Island 02895
nrivikings8@gmail.com
401-263-5360

**Dated:** July 14, 2025

-----

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, a true and correct copy of the foregoing opposition was served via the Court's ECF system upon:

Zachary A. Cunha, Esq.
Nixon Peabody LLP
zcunha@nixonpeabody.com

Sachli Balazadeh-Nayeri, Esq.
Wilson Sonsini Goodrich & Rosati
snayeri@wsgr.com
Counsel for Defendant

/s/ Geoffrey Fernald
Geoffrey Fernald