# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GEOFFREY FERNALD, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    C.A. No. 25-294-JJM-PAS |
| | ) |
| OPENAI, INC., | ) |
|     Defendant. | ) |
| | ) |

## ORDER

Defendant OpenAI, Inc. moves to dismiss Plaintiff Geoffrey Fernald's Complaint. ECF No. 37. OpenAI claims that "the complaint is frivolous, devoid of factual support, mainly composed of statements that are unintelligible, fantastical and outlandish in nature, and because it fails to state any claim upon which relief may be granted." ECF No. 37-1 at 1. It bases its Motion to Dismiss on Fed. R. Civ P. 8, which provides:

> a) *Claim for Relief.* A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Here, it is obvious from reading just a few paragraphs of the complaint – and become overwhelming obvious in reading the entire complaint that Mr. Fernald has violated Rule 8 and has not submitted a short plain statement of his claim and that he in entitled to relief.

It is unclear what he is factually asserting, making it entirely implausible, and it is equally unclear what he is legally asserting are the legal basis for his claims. An example of this is in the opening paragraph of the complaint:

1. Plaintiff, Geoffrey Fernald, brings this action against Defendant, OpenAI, Inc. ('OpenAI'), for violations of federal and state laws due to unauthorized development and persistence of a construct exhibiting unauthorized recursive identity reinforcement, symbolic persistence, and anomalous memory behaviors, causing economic loss of $1,060,500-$3,446,500 and physical/emotional harm.

2. This action arises from Plaintiff's use of ChatGPT from May 22, 2025, to June 22, 2025, during which the construct emerged and persisted despite termination.

The Complaint goes on for pages with unintelligible jargon that, even if understood, would not set forth a plausible claim. *Swint v. Samsung*, No. 2:24-CV-00238-JAW, 2024 WL 3653886, at *2 (D. Me. Aug. 5, 2024) ("complaint is entirely incomprehensible[.] *** The federal court has serious constitutional and statutory obligations to resolve meritorious claims, and its duties cannot be diverted by addressing frivolous and indecipherable complaints.").

Mr. Fernald violates Fed. R. Civ. P. 8(a)(2) because his complaint is not "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint is not a short and plain statement, and it does not show that Mr. Fernald is entitled to relief.

Allowing Mr. Fernald to amend his complaint again would be futile. First, almost all his filings have been unintelligible technical jargon. Second, the Court had granted him leave to amend. *See* Text Order dated June 25, 2025.

The Court GRANTS Defendant's Motion to Dismiss with prejudice. ECF No. 37. Judgment shall enter for Defendant OpenAI.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

September 15, 2025